UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAYNE KIRK, on behalf of himself and all others similarly situated,

Plaintiff,

v.

MOVE, INC. d/b/a REALTOR.COM

Defendant.

No. 2:26-cv-00961

COMPLAINT—CLASS ACTION

JURY DEMAND

## INTRODUCTION

1. Plaintiff Wayne Kirk brings this lawsuit against Move, Inc. d/b/a Realtor.com ("Move") for violations of the Commercial Electronic Mail Act ("CEMA"), RCW 19.190.060.

2. CEMA prohibits companies from sending commercial text messages to Washington residents without consent.

3. Kirk is a Washington resident. He received multiple commercial text messages from Move in November of 2024. He never gave permission for Move to send these messages.

Plaintiff's Complaint
Case No. 2:26-cv-00961

- 1 -

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

4.    Move's unsolicited spam was intrusive and annoying to Kirk.

5.    As the Ninth Circuit has noted, "Being deluged with 'spam' . . . text messages is the bane of modern life." *Borden v. eFinancial, LLC*, 53 F.4th 1230, 1231 (9th Cir. 2022).

6.    To hold Move accountable for its illegal practices, Kirk brings this action individually and on behalf of a putative class of Washington residents similarly situated.

## JURISDICTION AND VENUE

7.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this is a class action, the aggregate amount in controversy exceeds $5,000,000, Kirk and putative class members are citizens of Washington, and Move is a citizen of Texas.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this District and Kirk resides in this District.

9.    This Court has personal jurisdiction over Move. Move does business in Washington. It advertises and sells its products and services in Washington. Move serves a market in Washington. Due to Move's actions, its commercial text messages have been sent, without consent, to telephone numbers assigned to Washington residents and have harmed Washington residents. Kirk's claims arise out of Move's contacts with this forum. Due to Move's actions, Kirk received Move's commercial text messages in Washington and was harmed while in Washington. Move knows whether the people it sends messages to are Washington residents because their phone numbers have Washington area codes. Move knew that the messages to Kirk, and thousands of other Washington residents like

Plaintiff's Complaint
Case No. 2:26-cv-00961

- 2 -

him, was to a phone number with a Washington area code. Thus, Move knew that its messages were being sent to Washington residents.

**PARTIES**

10.    Plaintiff Wayne Kirk is a natural person residing in Seattle, Washington.

11.    Defendant Move, Inc. is a Delaware corporation with its principal place of business in Austin, Texas.

**FACTUAL ALLEGATIONS**

12.    Kirk is the sole user of the cell phone number 253-778-1264.

13.    This is Kirk's only phone number.

14.    Kirk first began using 253-778-1264 in September 2024, when his phone carrier assigned this number to him.

15.    Move, Inc. primarily operates Realtor.com, one of the largest real estate listing websites in the United States.

16.    Beginning November 2024, Move sent the following text messages to Kirk:

i.    <u>November 15, 2024 at 3:19 PM UTC from 253-364-7623</u>
Morning Samitioata! This is Ava and I'm a client care coordinator with Realtor.com. I found some more homes in the area that I want to email your way. We can end anytime but is s.s███████@gmail.com still a good for you?

ii.    <u>November 15, 2024 at 3:59 PM UTC from 253-364-7623</u>
Also, what are your must haves with your next home?

iii.    <u>November 15, 2024 at 7:00 PM UTC from 253-364-7623</u>
I'm actually looking for you now. What city would you prefer to live in?

iv.    <u>November 15, 2024 at 9:59 PM UTC from 253-364-7623</u>
Are you free tomorrow afternoon for a call?

v.    <u>November 16, 2024 at 11:11 PM UTC from 253-364-7623</u>
Let me know if you're free for that call?

Plaintiff's Complaint
Case No. 2:26-cv-00961

- 3 -

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

vi.    November 16, 2024 at 11:53 PM UTC from 253-363-7623
Oh and I sent several homes to s.sagapolutele21@gmail.com. Did any stand out?

17.    On November 18, 2024, at 4:02 AM UTC, Kirk responded with a message saying "STOP." Had he not done this, he likely would have continued to receive dozens of text messages from Move.

18.    Kirk is not named Samitioata, nor does he know anyone named Samitioata. Further, the email address that Move included in its text messages on November 15 and 16, 2024 is not Kirk's email address.

19.    Kirk did not consent to receive these commercial text messages and has never done business with Move.

20.    Kirk's phone number starts with the area code "253," which is a Washington area code. Therefore, by sending the messages to a phone number with a Washington area code, Move purposefully intended to direct its messages to Washington.

21.    "Realtor.com and its related mobile apps display nearly 100% of all Multiple Listing Services ("MLS")-listed, for-sale and rental properties in the U.S."[1] Monthly average visits to Realtor.com as of Move's latest quarter were 241 million, according to Commscore.[2]

---

[1] News Corp. 2025 10-K, at 6, https://investors.newscorp.com/static-files/bf0ae262-df55-46d7-bd25-ed4d94cc0275.
[2] News Corp. 2026 Q2 Earnings Release, at 4, https://newscorp.com/wp-content/uploads/2026/02/Q2-FY2026-Earnings-Release_FINAL_5-February-2026.pdf.

Plaintiff's Complaint                          - 4 -
Case No. 2:26-cv-00961

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

22.     Move generates revenue by referring their website visitors to real estate agents, brokers, lenders, and insurance companies.[3] Move shares in fees generated by the sale of homes, and it also collects subscription revenue from lenders and insurance companies.[4]

23.     The purpose of Move's text messages is to generate consumer interest in purchasing a home, so it can refer the consumer to a real estate agent or other service provider, thereby generating a fee.

24.     Move's text messages are a nuisance and annoyance to Kirk and the Class members. The messages have invaded their privacy, diminished the value of their phones, and negatively impacted their enjoyment of life.

## LEGAL STANDARD

25.     **Washington Commercial Text Messages.** "No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a Washington resident" unless the recipient has "clearly and affirmatively consented in advance." RCW 19.190.060(1), .070(1)(b).

26.     **Washington Consumer Protection Act.** To establish a violation of Washington's CPA, five elements must be met: (1) an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest, and (4) caused (5) injury to plaintiff's business or property. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

---

[3] News Corp. 2025 10-K, at 6, https://investors.newscorp.com/static-files/bf0ae262-df55-46d7-bd25-ed4d94cc0275.
[4] *Id.*

Plaintiff's Complaint
Case No. 2:26-cv-00961

- 5 -

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

## CLASS ACTION ALLEGATIONS

27.    Pursuant to Federal Rule of Civil Procedure 23, Kirk brings this action on behalf of all other persons similarly situated throughout the United States.

28.    Kirk seeks to represent the following Class:

> All Washington residents (1) who are not Move customers, (2) who Move texted, (3) within the last four years prior to the filing of this action through the date of class certification.

### NUMEROSITY

29.    Kirk reasonably estimates there are over 10,000 class members given Move's size. There were approximately 62 million unique average monthly users of Move's Realtor.com website in the last quarter.[5] Washington state comprises approximately 2.4% of the U.S. population. Therefore, Kirk reasonably estimates Move receives approximately 1.49 million unique visitors a month to its Realtor.com website in Washington. Given a class period of four years, it is reasonable to estimate there are over 10,000 class members. Further, given that many class members likely received multiple text messages from Move (Kirk received at least six) at $500 in statutory damages per violation, this satisfies the statutory threshold of $5,000,000 for diversity jurisdiction.

30.    Class members are identifiable through phone records and phone number databases.

---

[5] News Corp. 2026 Q2 Earnings Release, at 4, https://newscorp.com/wp-content/uploads/2026/02/Q2-FY2026-Earnings-Release_FINAL_5-February-2026.pdf.

Plaintiff's Complaint
Case No. 2:26-cv-00961

- 6 -

The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

**COMMONALITY**

31.    There are questions of law and fact common to Kirk and the class, including but not limited to:

    i.    Whether Move sent the text messages at issue.

    ii.    Whether the text messages constitute commercial text messages.

    iii.    Whether Move had consent to send the text messages.

    iv.    Whether a violation of RCW 19.190.060 establishes all the elements of a claim under Washington's Consumer Protection Act, RCW 19.86 *et seq.*

**TYPICALITY**

32.    Kirk's claims are typical of the claims of the class members. His claims, like the class members' claims, arise out of the same common course of conduct by Move and are based on the same legal and remedial theories.

**ADEQUATE REPRESENTATION**

33.    Kirk is an adequate representative of the class because his interests do not conflict with the interests of the class members, he will fairly and adequately protect the interests of the class members, and he is represented by counsel skilled and experienced in consumer class actions.

**PREDOMINANCE OF COMMON QUESTIONS**

34.    Common questions of law and fact predominate over questions affecting only individual class members.

**SUPERIORITY**

35.    Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the damages are statutory.

Plaintiff's Complaint
Case No. 2:26-cv-00961

- 7 -

Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

36. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of Washington's Commercial Electronic Mail Act**
**(On Behalf of Kirk and the Class)**

37. Washington's CEMA prohibits any person, as that term is defined in RCW 19.190.010(11), from initiating or assisting the transmission of an unsolicited commercial electronic text message to a Washington resident's cellular telephone.

38. Move is a "person" within the meaning of CEMA. RCW 19.190.101(11).

39. Move sent one or more commercial text messages to Kirk and the Putative Class members' cellular telephones without their consent or invitation.

40. Move's acts and omissions violated RCW 19.190.060(1).

41. Kirk and the Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.060(1).

**SECOND CAUSE OF ACTION**
***Per Se* Violation of the Washington Consumer Protection Act**
**(On Behalf of Kirk and the Class)**

42. Kirk and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

Plaintiff's Complaint
Case No. 2:26-cv-00961

- 8 -

43. Move violated the CEMA by sending unsolicited commercial electronic text messages to Kirk and Class members' cellular telephone or similar devices.

44. A violation of the CEMA establishes all five elements of Washington's Consumer Protection Act as a matter of law. RCW 19.190.100; RCW 19.190.060(2); *Wright v. Lyft*, 406 P.3d 1149, 1155 (Wash. 2017).

45. Move's violations of the CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

46. Move's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100; RCW 19.190.060(2).

47. Pursuant to RCW 19.190.040(1), damages to each recipient of a commercial electronic text message sent in violation of the CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *Lyft*, 406 P.3d at 1155.

48. Move engaged in a pattern and practice of violating the CEMA. As a result of Move's acts and omissions, Kirk and Class members have sustained damages, including $500 in statutory damages, for each and every text message that violates the CEMA. The full amount of damages will be proven at trial. Kirk and Class members are entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

Plaintiff's Complaint
Case No. 2:26-cv-00961

- 9 -

**RELIEF REQUESTED**

Kirk respectfully requests the Court grant the following relief:

A. Certification of the proposed Class;

B. Appointment of Kirk as class representative;

C. Appointment of the undersigned as lead counsel for the Class;

D. An award of damages to Kirk and class members, as allowed by law;

E. An award of fees, costs, and interest, as allowed by law;

F. Injunctive relief, as allowed by law; and

G. Orders granting such other relief as this Court deems necessary, just, and proper.

**JURY DEMAND**

Kirk requests a jury trial as to all claims of the Complaint so triable.

DATED March 20, 2026

                                        Respectfully submitted,


                                        /s/ Thomas Alvord
                                        Thomas Alvord, WSBA #61943
                                        Reid Hudson, *Pro Hac Vice* forthcoming
                                        The HQ Firm, P.C.
                                        450 Alaskan Way S Suite 200 #1823
                                        Seattle, WA 98104
                                        Telephone: (385) 440-4127
                                        Email: thomas@thehqfirm.com


                                        *Attorneys for Plaintiff*

Plaintiff's Complaint                    - 10 -
Case No. 2:26-cv-00961